# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

WADE LAY, )
 )
          Plaintiff, )
 )
v. ) No. CIV 13-481-RAW-SPS
 )
OKLAHOMA DEPARTMENT )
OF CORRECTIONS, et al., )
 )
          Defendants. )

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss or for summary judgment and the court's own motion to consider dismissal of the case as frivolous under 28 U.S.C. § 1915. The court has before it for consideration plaintiff's amended complaint (Dkt. 12), the defendants' motion (Dkt. 40), plaintiff's response (Dkt. 84), and a special report prepared by the Oklahoma Department of Corrections (DOC) at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (Dkt. 39).

Plaintiff, a death-sentenced inmate in the custody of the DOC who is incarcerated at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at that facility. The remaining defendants are the Oklahoma Department of Corrections, OSP Warden Anita Trammell, OSP Case Manager Keith Sherwood, and Oklahoma State Penitentiary.[1,2]

Plaintiff alleges that on September 4, 2009, a petition for a writ of habeas corpus

---

[1] To the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

[2] Defendant D. Orman was voluntarily dismissed on November 13, 2013 (Dkt. 11).

challenging his conviction was filed in the Northern District of Oklahoma. He asserts the petition was untrue and fraudulent, perhaps because of his political and religious opinions. In October 2009 plaintiff informed his attorneys who are the Federal Public Defender (FPD), Patti Ghezzi, and Sarah Jernigan, that the content of their petition was dishonest and unacceptable, and he had discovered a pattern of opprobriousness in Supreme Court cases "toward the doctrines of substantive due process and incorporation." (Dkt. 12 at 5.)

Plaintiff asserts that when his attorneys realized his determination to file an accurate habeas petition based on the actual trial record, Attorney Ghezzi contacted Defendant OSP Case Manager Keith Sherwood. Plaintiff claims Ms. Ghezzi told Defendant Sherwood of her "desire to inhibit the plaintiff's efforts toward such an adventure." (Dkt. 12 at 6). Both Ms. Ghezzi and Ms. Jernigan were aware of a $342.00 book concerning Supreme Court cases that plaintiff was expecting, and they conspired with Sherwood about the book. Because of prejudice against plaintiff, Sherwood signed for the delivery of the book, but never gave it to him. Plaintiff also claims Defendant Sherwood filed false misconduct charges, rejected his legal materials, confiscated his mail, and otherwise exhibited a pattern of harassment and discrimination against him. There are, however, no facts presented to support these allegations.

Plaintiff further complains that the FPD refused to comply with his request under the Freedom of Information Act. The FPD attorneys allegedly show favoritism, however, to other inmates. Ms. Ghezzi and FPD Supervisor Randy Bauman "utilize Miss Jernigan in this fashion, unwittingly taking advantage of the inmates' desperate state, with subtle seduction and variable measures of physical affection, for purposes of control and self-gratification." (Dkt. 12 at 8). These allegations against the attorneys cannot be considered, however, because these individuals are not defendants in this action.

The defendants allege that certain claims in the amended complaint are barred by the statute of limitations. The statute of limitations for a civil rights cause of action in Oklahoma is two years. *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988). Plaintiff filed his initial complaint in this action on October 24, 2013, so any allegations that occurred before October 24, 2011, are time barred.

Plaintiff also alleges he was issued false misconduct charges and did not receive a hearing. According to the special report, plaintiff received three misconducts in 2010 for the following offenses: Possession of Manufactured Contraband on January 4, 2010 (Dkt. 39-1 at 36-42); Threats/Bodily Harm/Death to Staff on February 17, 2010 (Dkt. 39-1 at 44-49); and Sexual Threats to Staff Member on March 25, 2010 (Dkt. 39-1 at 51-55). He refused to cooperate in the disciplinary process for any of the misconducts, the last of which concluded on April 2, 2010. (Dkt. 39-1 at 51). The court finds that plaintiff's claims regarding these misconduct proceedings are barred by the statute of limitations.

Regarding the legal book, the record shows that on April 21, 2010, plaintiff's sister was reimbursed $300.00 for the book that was sent to plaintiff but was not delivered to him. (Dkt. 39-17 at 4 -7). This claim also is time barred.

The special report indicates plaintiff filed Grievance No. 13-043 at OSP on June 12, 2013, requesting to keep a drawing and writing surface he had created from approved materials. (Dkt. 39-1 at 7). The grievance was returned unanswered for a procedural error, and plaintiff did not correct and resubmit it. (Dkt. 39-1 at 6). There are no records indicating he filed any grievances or appeals with the DOC Administrative Review Authority. (Dkt. 39-1 at 11).

Plaintiff claims the facility post office rejected legal material that should have been allowed. According to the special report, however, he was provided services by the law library and the post office with regard to supplies and mailings during the time at issue. (Dkt. 39-9, 39-10, 39-11, 39-12, 39-13, 39-14, 39-15, 39-16).

With respect to the claims that are not time-barred, the defendants allege plaintiff has failed to affirmatively link the defendants to any alleged constitutional violations. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430-31 (10th Cir. 1992). Plaintiff must show that a defendant personally participated in the alleged civil rights violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Supervisory status is not sufficient to support liability under § 1983. *Id. See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Furthermore, "a denial of a grievance, by itself

3

without any connection to the violation of constitutional rights alleged by the plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted). Therefore, the court finds plaintiff has failed to show the defendants' personal participation, and his claims are meritless.

Based on the foregoing reasons the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** this action is, in all respects, DISMISSED as frivolous. This dismissal shall count as a STRIKE, pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 16th day of March 2015.

RONALD A. WHITE
**UNITED STATES DISTRICT JUDGE**