# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

WADE LAY, )
 )
         Plaintiff, )
 )
v. ) No. CIV 13-481-RAW-SPS
 )
OKLAHOMA DEPARTMENT )
OF CORRECTIONS, et al., )
 )
         Defendants. )

## OPINION AND ORDER

Plaintiff appealed the Opinion and Order dismissing this action to the Tenth Circuit Court of Appeals (Dkts. 89, 90, 91). The appellate court vacated the dismissal order and remanded for consideration of Plaintiff's second amended complaint. *Lay v. Okla. Dep't of Corr.*, No. 15-7023 (10th Cir. Nov. 30, 2015) (Dkt. 109). The Court has before it for consideration the second amended complaint (Dkt. 18), the special report (Dkt. 39), the defendants' motion to dismiss or for summary judgment (Dkt. 40), Plaintiff's response to the motion (Dkt. 84), and the defendants' reply (Dkt. 85).

Plaintiff, a death-sentenced inmate incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, brought this action under the authority of 42 U.S.C. § 1983, seeking monetary and injunctive relief for alleged constitutional violations during his incarceration at that facility. Plaintiff was pro se when he filed the second amended complaint, but he now is represented by counsel. The remaining defendants are the Oklahoma Department of Corrections (DOC); Oklahoma State Penitentiary (OSP); former OSP Warden Anita Trammell, in her individual capacity; current OSP Warden Terry Royal, in his official capacity; and OSP Case Manager Keith Sherwood, in his individual and official capacities.[1]

Plaintiff sets forth the nature of his case as follows:

    Keith Sherwood destroyed a $342.00 book. As a result Wade Lay

---

[1] Defendant D. Orman was voluntarily dismissed on November 13, 2013 (Dkt. 11).

> ended up in the hole on false charges. While in this confinement, [Federal Public Defender] Sarah Jernigan, in agreement with Keith Sherwood and Inmate Richard Smith, used the opportunity to, under pretense of visiting Wade Lay, visited simultaneously with Richard Smith, to avoid supervisory denial of visitation to an inmate having received clemency, causing Wade Lay to have to remain in Hi-Max. This collusion has caused Mr. Sherwood to act under color of law to prohibit a successful suit against the attorneys.

(Dkt. 18 at 2).

Plaintiff apparently is claiming that Defendant Sherwood unlawfully allowed Inmate Smith to remain on death row for five weeks after Smith was granted clemency. This delay in moving Smith to another unit allowed Attorney Jernigan to visit with Smith. Plaintiff contends this situation "interrupted the plaintiff's constitutional rights" in his "honest attempt to continue his lawful right to backward-looking, record based claim, as he presented on direct appeal." (Dkt 18 at 3-4). Plaintiff further alleges the misconduct issued to him by Defendant Sherwood, with the assistance of Sherwood's colleagues, resulted in the following abuses:

(1) Fabricated charges without evidence or hearings or the processes required by policy, yet permanently placed on prisoner's jacket, to include:

   (a) Threat to kill an officer;

   (b) Sexual assault on an officer;

   (c) False escape charge from Colorado--a false allegation, dropped by the State of Colorado; and

   (d) Destruction of state property (phone).

(2) Rejection by the post office of allowed legal materials, such as the Federal Rules of Civil Procedure.

(3) Confiscation of mail without proper notification and absent cause, under pretense of security, items supportive to the litigation in *Lay v. Otto, et al.*

(4) Suspension of legal services, such as case law, statutes, notary, copies, etc.

(5) Shakedowns, removal of property, targeted harassment, and cruelty to

intimidate and prevent disclosure of Mr. Sherwood's infractions.

(Dkt. 18 at 4).

Plaintiff asserts these events "directly revolve[d] around the shared culpability" of Sherwood and the attorneys from the Federal Public Defender's office, and "the consequence has been a destructive influence over the plaintiff's habeas appeal." *Id.* He further claims his numerous grievances complaining about these circumstances went unanswered, or the responses were not rationally justified.

**Standard of Review**

Defendants Anita Trammell and Keith Sherwood have filed a motion to dismiss or for summary judgment (Dkt. 40). In assessing a motion to dismiss, the court must accept the factual allegations as true and consider them in the light most favorable to the plaintiff. *Tomlinson v. El Paso Corp,*, 653 F.3d 1281, 1285–86 (10th Cir. 2011) (citing *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 132 S.Ct. 1574 (2012). A request for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) requires the court to determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

Although the court is required to exercise a liberal interpretation of the plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), the court need not assume the role of advocate for the plaintiff, and he must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Id.* (citing cases). With these standards in

mind, the court turns to the merits of the defendants' motion.

**Eleventh Amendment Immunity**

Plaintiff sued Defendants former OSP Warden Anita Trammell and OSP Unit Manager Keith Sherwood, as well as the Oklahoma Department of Corrections, an agency of the State of Oklahoma, and Oklahoma State Penitentiary. Terry Royal, in his official capacity as the current OSP Warden, was substituted for former OSP Warden Anita Trammell, in her official capacity, pursuant to Fed. R. Civ. P. 25(d) (Dkt. 123). The official capacity claims against the defendants are actually claims against the State of Oklahoma. Defendants Royal and Sherwood allege they are entitled to Eleventh Amendment immunity.

"[T]he Eleventh Amendment bars federal court jurisdiction over a state agency for both money damages and injunctive relief, or a state official acting in her official capacity in a suit for damages." *Ellis v. Univ. of Kansas Med. Ctr.*, 163 F .3d 1186, 1196 (10th Cir.1998). Absent a waiver by the state, or a valid congressional override, the amendment bars a damages action against a state in federal court. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

The Court, therefore, dismisses Plaintiff's official-capacity claims against Defendants Royal and Sherwood. Oklahoma State Penitentiary and the Oklahoma Department of Corrections also are dismissed, based on Eleventh Amendment immunity. *See Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007); *Eastwood v. Dep't of Corr. of Okla.* 846 F.2d. 627, 631-32 (10th Cir. 1988) ("[T]he DOC is an arm of the state and should be entitled to absolute immunity."). Because the Eleventh Amendment involves sovereign immunity, the official-capacity claims are dismissed "without prejudice" rather than "with prejudice." *Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan Cnty., Okla. v. Guthrie*, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011).

**Statute of Limitations**

Defendants Anita Trammell and Keith Sherwood allege certain claims in the second amended complaint are barred by the statute of limitations. The statute of limitations for a

civil rights cause of action in Oklahoma is two years. *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988). Plaintiff filed his initial complaint in this action on October 24, 2013, so any allegations that occurred before October 24, 2011, are time barred.

*Book Destruction*

Plaintiff alleges Defendant Sherwood destroyed a book valued at $342.00, resulting in Plaintiff's placement in "the hole" on false charges. Plaintiff claims that while in this confinement, Sherwood and Federal Public Defender Sarah Jernigan made an agreement for visitation with Inmate Richard Smith, under the pretense of Jernigan's visiting Plaintiff. Inmate Smith had been granted clemency, but was placed in Hi-Max. This arrangement allegedly allowed Jernigan to visit Smith without supervision, but resulted in Plaintiff having to remain in Hi-Max. This "collusion" allegedly prohibited Plaintiff from filing a successful suit against his attorneys.

The record shows that on April 21, 2010, Plaintiff's sister was reimbursed $300.00 for the destroyed book (Dkt. 39-17 at 4 -7). Therefore, this claim is barred by the statute of limitations.

*Misconducts*

Plaintiff alleges he was issued false misconduct charges by Defendant Sherwood, and he did not receive a hearing. According to the special report, plaintiff received three misconducts in 2010 for the following offenses: Possession of Manufactured Contraband on January 4, 2010 (Dkt. 39-1 at 36-42); Threats/Bodily Harm/Death to Staff on February 17, 2010 (Dkt. 39-1 at 44-49); and Sexual Threats to Staff Member on March 25, 2010 (Dkt. 39-1 at 51-55). Plaintiff refused to cooperate in the disciplinary process for any of the misconducts, the last of which concluded on April 2, 2010. (Dkt. 39-1 at 51). The Court finds Plaintiff's claims regarding these misconduct proceedings also are barred by the statute of limitations.

**Grievances**

Plaintiff asserts that his numerous grievances about the allegations in the second

5

amended complaint were ignored or not properly answered. The record shows that Plaintiff submitted a single grievance on June 12, 2013, concerning a drawing surface (Dkt. 39-1 at 7-8). The grievance was returned unanswered the same day, because it did not comply with the DOC grievance policy (Dkt. 39-1 at 9).

The defendants allege Plaintiff failed to exhaust the administrative remedies for any of his claims. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). In deciding a motion to dismiss based on nonexhaustion, the Court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

According to the DOC Offender Grievance Process, OP-090124, an inmate first must attempt to resolve his complaint informally by communicating with staff within three days of the incident (Dkt. 39-1 at 17). If that is unsuccessful, he may submit a Request to Staff (RTS) within seven calendar days of the incident, alleging only one issue per form. *Id.* at 17-18. If the offender does not receive a response to his RTS within 30 calendar days of submission, he may submit a grievance to the Review Authority (warden's office), asserting only the issue of the lack of response to the RTS. *Id.* at 18. If the complaint is not resolved after the response to the RTS, the offender then may file a grievance. *Id.* at 18-20. If the grievance also does not resolve the issue, the inmate may appeal to the Administrative Review Authority (ARA) or the Chief Medical Officer. *Id.* at 21-22. The administrative

process is exhausted only after all of these steps have been taken. *Id.* at 24.

There is no evidence Plaintiff attempted to appeal his grievance to the ARA (Dkt. 39-1 at 11). Therefore, he did not exhaust the administrative remedies for his grievance, as required by 42 U.S.C. § 1997e(a). Moreover, Plaintiff has failed to show Defendant Trammell personally participated in the denial of his grievance. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430-31 (10th Cir. 1992). Plaintiff must show that a defendant personally participated in the alleged civil rights violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). "[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by the plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted). Plaintiff's claim against Defendant Trammell regarding his grievance is dismissed for his failure to show Trammell personally participated in the denial of his grievance.

**Access to the Courts**

Plaintiff alleges he was denied access to the courts, when the post office disallowed legal materials, such as the Federal Rules of Civil Procedure, and his mail was confiscated without cause or notice. He also claims legal services, such as case law, statutes, notary, copies, etc. were suspended. He apparently is asserting this denial of access to legal materials adversely affected his litigation in *Lay v. Otto*, but he has failed to do more than make conclusory allegations. He also has failed to support his claim that this alleged denial of access to the court interfered with his habeas appeal.

It is undisputed that access to the courts and the means to effectuate such access are fundamental constitutional rights. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, "the constitutional obligation to provide inmates access to courts does not require states to give inmates unlimited access to a law library, and inmates do not have the right to select the method by which access will be provided." *Penrod v. Zavaras*, 94 F.3d 1399 (10th Cir.

7

1996) (citations omitted). The Constitution requires only that reasonable access to the courts be permitted. *Johnson v. Avery*, 393 U.S. 483, 490 (1969); *Ford v. Schmidt*, 577 F.2d 408, 410 (7th Cir. 1978), *cert. denied*, 439 U.S. 870 (1978). To have standing to raise a claim of denial of access to the courts, a prisoner must demonstrate actual injury. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). "To do so, he must show that any denial or delay of access to the court prejudiced him in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996).

Here, the Court finds Plaintiff has not shown he was denied legal materials, legal services, or access to the mail system. According to the special report, he was provided services by the law library and the post office with regard to legal materials, supplies and mailings during the time at issue (Dkts. 39-4, 39-5, 39-6, 39-7, 39-8, 39-9, 39-10, 39-11, 39-12, 39-13, 39-14, 39-15, 39-16). He has presented no evidence of a missed deadline or adverse ruling because of the defendants' enforcement of the correspondence policy. Therefore, he has failed to state a claim for denial of access to the courts.

**Conspiracy and Retaliation**

Plaintiff claims he has been subjected to shakedowns and removal of his property, as well as targeted harassment and cruelty intended to intimidate and prevent disclosure of Defendant Sherwood's infractions. Plaintiff apparently is asserting that Defendant Sherwood colluded with the Federal Public Defender's office to prevent Plaintiff from changing housing assignments and to hinder Plaintiff's lawsuit against certain attorneys with the Federal Public Defenders Office.

To recover on a conspiracy claim under §1983, a plaintiff must establish an actual deprivation of his rights, in addition to proving that a conspiracy actually exists. *Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990). Conclusory allegations of a conspiracy will not suffice. *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981). Here, Plaintiff's allegation of a conspiracy, backed up with no factual showing of an agreement and concerted action amongst the defendants, are insufficient to support such a claim. *See Hunt*

*v. Bennett*, 17 F.3d 1263, 1266 (10th Cir.), *cert. denied*, 513 U.S. 832 (1994).

To establish a claim for retaliation, an inmate must demonstrate that he was participating in protected conduct, that he experienced an adverse action because of the protected conduct, and that, but for the retaliatory motive, he would not have been subjected to such adverse action. *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). Again, the Court finds Plaintiff has failed to present facts to support a finding of unconstitutional retaliation by the defendants. In addition, there are no facts to support a retaliatory motive. Plaintiff's conclusory claim of retaliation fails to state a claim upon which relief can be granted.

**Injunctive Relief**

Finally, Plaintiff has requested an injunction ordering OSP and the DOC to treat him impartially, in accordance with state and federal law (Dkt. 18 at 8). "An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010). Furthermore, to be entitled to injunctive relief, the movant must establish a violation of his constitutional rights. *Rizzo v. Goode*, 423 U.S. 362, 377 (1976). As discussed above, Plaintiff has not shown his constitutional rights were violated.

The district court may grant a preliminary injunction if the party seeking it shows that "four equitable factors weigh in favor of the injunction." *Westar Energy v. Lake*, 552 F.3d 1215, 1224 (10th Cir. 2009). The factors are (1) a substantial likelihood of prevailing on the merits; (2) irreparable harm in the absence of the injunction; (3) proof that the threatened harm outweighs any damage the injunction may cause to the party opposing it; and (4) that the injunction, if issued, will not be adverse to the public interest. *Id*. The Court finds Plaintiff has not made this showing.

The Court further finds the relief Plaintiff is requesting is overly broad and not generally available in a § 1983 action. Pursuant to 18 U.S.C. § 3626, any injunctive relief with respect to prison conditions must be narrowly tailored.

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

The Court finds Plaintiff's request for injunctive relief is vague and non-specific. He has failed to indicate what specific injunctive relief he is seeking, apart from adherence to state and federal laws, and what such relief could remedy. He is not entitled to the broad injunctive relief he has requested.

**Conclusion**

Based on the foregoing reasons, the Court finds the allegations in Plaintiff's complaint are vague and conclusory, the allegations do not rise to the level of a constitutional violation, and Plaintiff has failed to state a claim upon which relief can be granted. The Court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the Court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** Defendants Oklahoma State Penitentiary, the Oklahoma Department of Corrections, Terry Royal, in his official capacity, and Keith Sherwood, in his official capacity, are dismissed without prejudice, pursuant to Eleventh Amendment immunity. Defendants Anita Trammell and Keith Sherwood, in their individual capacities, are dismissed with prejudice for failure to state a claim upon which relief may be granted. Furthermore, Plaintiff's request for injunctive relief and all remaining pending motions are denied. This dismissal shall count as a strike, pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 19th day of September 2016.

**Dated this 19th day of September, 2016.**

*Ronald A. White*
Ronald A. White
United States District Judge
Eastern District of Oklahoma